IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-83016-TJM |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

     Hearing was held in Omaha, Nebraska, on July 28, 2009, regarding Filing #179, Joint Motion to Approve Chapter 11 Trustee to Enter Into Ethanol Purchase and Sale Agreement, filed by Centris Federal Credit Union, Union Bank & Trust Company, Charles Clatterbuck, Linda Klaasmeyer, Theodore Hazer, and James Jandrain, interested parties herein, and on behalf of Thomas Stalnaker, Trustee; Filing #182, Joint Motion to Borrow Secured Super Priority Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Request for Expedited Hearing, filed by Centris Federal Credit Union, Union Bank & Trust Company, Charles Clatterbuck, Linda L. Klaasmeyer, Theodore Hazer, and James Jandrain, and Thomas Stalnaker and Objections by American Prairie Construction Company, Filings #195 and #196.

     Appearances: Robert J. Becker for Thomas D. Stalnaker, Trustee
                    Thomas D. Stalnaker, Trustee
                    Britney Krause, for Linda Klaasmeyer
                    Stephen Nelsen for James Jandrain
                    Emmett Childers for Theodore Hazer
                    Brian Doyle for Charles Clatterbuck
                    Rob Shortridge for Union Bank & Trust
                    Martin Pelster for Centris Federal Credit Union
                    Ronald Hall and Russ Westerhold for American Prairie Construction Company

     The debtor, through interested parties and with the consent and joinder by the Chapter 11 Trustee, has filed a motion to borrow and grant the lenders a super-priority position and a lien against the debtor's real property and improvements. In addition, the debtor has requested the court approve an agreement by which the debtor would grant the exclusive opportunity to purchase ethanol from the debtor for a three-year period. Both motions have been objected to by a judgment lien creditor, American Prairie Construction Company.

     The debtor owns an ethanol production facility in the state of South Dakota. Prior to November of 2008, the debtor's facility produced ethanol and the debtor marketed the ethanol. Since about October 20, 2008, the debtor has idled the production facility and has not produced any ethanol.

     The debtor filed this Chapter 11 case in November of 2008. The schedules show three creditors with liens against the real estate and the facility. Centris Federal Credit Union has a claim for more than $17,000,000. Union Bank & Trust has a claim for more than $3,000,000. American Prairie Construction Company has a judgment lien resulting from a judgment rendered in the United States District Court for the District of South Dakota in the amount of $2.5 million, plus interest, and possibly plus attorney fees and costs. That judgment is on appeal to the Eighth Circuit Court of Appeals and had been briefed and argued prior to the bankruptcy filing. To protect the debtor from

the potential of execution on the judgment lien, the debtor posted a supersedeas bond which benefits American Prairie Construction Company in case it is successful on the appeal to the Eighth Circuit.

American Prairie Construction Company has objected to both motions for a variety of reasons. It suggests that the agreements which would be entered into if the motions are approved are akin to a Chapter 11 plan, but without the protections of a disclosure statement, a true plan, and an opportunity for voting by creditors. In addition, the objection asserts the agreement entered into by the trustee and the potential lenders ignores the judicial lien status of American Prairie Construction Company. The agreement provides for super-priority administrative expense being awarded to the lenders, which include Centris Federal Credit Union, Union Bank & Trust, and certain investors/insiders. The agreement also gives these post-petition lenders a lien on the real estate and facilities subject only to the pre-petition liens of Centris Federal Credit Union and Union Bank & Trust. In other words, the agreement provides post-petition lenders priority over the pre-petition judicial lien of American Prairie Construction Company.

The objections also suggest that insufficient information has been provided with regard to the trustee's obligation to attempt to obtain unsecured credit or credit on terms other than those which require a super-priority status. The objector also asserts that there is no information or evidence concerning the need for the funds, the need to restart the facility or the likelihood of profitable operation.

Affidavits and declarations were offered into evidence and each was objected to by counsel for American Prairie Construction Company. Those items included Filings #199, #201, #202, #204, #205, #206, #207, and #208. The objection to each was lack of foundation, hearsay, and relevance.

Filing #207 is a declaration of Jeff Kistner, a consultant in the ethanol production business. He testified concerning the need to restart the production in order to enhance the value of the facility for the purpose of selling it, which all of the interested parties want to do. He opined that if the facility is not producing ethanol, a buyer would pay no more than $13,500,000, based upon 50 cents a gallon for the 27,000,000 gallon maximum capacity. Several of the other declarations relied upon his estimate. Although it would have been prudent to have attached to his declaration more detailed information about his experience and education, his declaration does provide sufficient foundation for its admission.

Filing #202 is the declaration of the trustee in which he informs that he has been unable to obtain other financing, and that the purpose of the bankruptcy filing and his involvement is to market the facility in order to pay off the secured debt. It is his understanding from his investigation of the industry that the facility will be worth more in an operational mode than in an idle mode.

The other declarations are from bank and credit union representatives and investors. They each explain their current position with regard to the financing of the facility, their refusal to contribute additional funds except pursuant to the terms of the agreement which is the subject of one of the motions, and their belief that the facility will be worth more if it is operational than if it is idle. Although their beliefs may lack foundation, the other information is based upon personal knowledge.

Each of the exhibits objected to by American Prairie Construction Company is admitted.

The most serious objection raised by American Prairie Construction Company is that its judicial lien has been ignored and there has been no offer of adequate protection with regard to that

judicial lien. It is true that the judicial lien has been ignored in the documents that have been filed. However, the judicial lien is fully protected by virtue of the supersedeas bond. If American Prairie Construction Company wins on appeal, it will receive the proceeds of the bond. If it loses on appeal, it will no longer have a judicial lien so, either way, its interest is not affected by the agreements before the court. Its objection to both motions is overruled.

IT IS ORDERED that Filing #179, Joint Motion to Approve Chapter 11 Trustee to Enter Into Ethanol Purchase and Sale Agreement and Filing #182, Joint Motion to Borrow Secured Super Priority Post-Petition Financing Pursuant to 11 U.S.C. § 364 are granted.

DATED:    July 30, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
- Robert J. Becker
- Thomas D. Stalnaker
- *Britney Krause
- *Stephen Nelsen
- *Emmett Childers
- *Brian Doyle
- *Rob Shortridge
- *Martin Pelster
- Ronald Hall
- Russ Westerhold

Movant (*) is responsible for giving notice to other parties if required by rule or statute.